IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DOUGLAS ANDERSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CIVIL ACTION 07-0808-WS-B |
| ) | |
| **IRON WILL, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

**ORDER**

The complaint in this action was filed on November 19, 2007. (Doc. 1). Summons issued the following day, (Doc. 2), and the plaintiff admits receiving it around the Thanksgiving holiday. (Doc. 8, ¶ 2). Nevertheless, the first attempt at service did not occur until March 14, 2008. (*Id*., ¶ 6 & Exhibit A). The plaintiff explains that counsel's secretary misrepresented that she had sent process to the defendant's agent by certified mail, that she then abruptly left employment in early January, and that other staff thereupon reviewed her files and drawers and discovered that service had not been attempted. (*Id*., ¶¶ 3-5). Left unexplained is why it took two months after this discovery to attempt service.

Service on the defendant's agent was attempted by certified mail on March 14, 2008 and returned to counsel, (*id*.), apparently because the records of the Secretary of State inaccurately identified the agent's street address (which was correct) as being in Grand Bay. (Doc. 11 at 1-2 & Exhibit A).

Service on the defendant's agent was next attempted by certified mail at the same street address but substituting Irvington for Grand Bay, based on information that the street address for the agent is in Irvington. (Doc. 11 at 1; Doc. 8, Exhibit B). This mailing went out on or about April 4, 2008, (Doc. 8 at 2), promptly after receipt of the Court's first show cause order, discussed below; left unexplained is why this second

mailing did not go out until three weeks after the first. This second mailing was subsequently returned, presumably by April 11. (*Id.*). The plaintiff's current information is that the agent's street address is located in Theodore. (Doc. 11 at 1-2).

On April 1, 2008, the Court ordered the plaintiff to show cause why the action should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m). (Doc. 7). On April 8, 2008, having received a response including some of the information above, and having been assured that return of service would be received by April 11, (Doc. 8 at 2), the Court extended the time to perfect service to April 28, 2008. (Doc. 9).

April 28 came and went without any communication from the plaintiff. On May 9, 2008, the Court entered its third order concerning service of process, requiring the plaintiff to show cause, for the second time, why the action should not be dismissed pursuant to Rule 4(m). (Doc. 10).

In addition to fleshing out the history related above, the plaintiff's response to this order states that counsel retained an investigator to make personal service. Although the response does not so state expressly, it appears from the context that the investigator was retained only shortly before the response was filed on May 14. (Doc. 11 at 2).

On May 14, the plaintiff made its third attempt at service, this time by personal service through the investigator. (Doc. 11 at 2; Doc. 12 at 1). The investigator found an individual at the address, who advised that he had moved in approximately three weeks earlier and that the defendant's agent had moved out. (*Id.*). The investigator obtained a new address for the agent and attempted personal service, but no one was home. (*Id.* at 1-2). A constable has been given the task of visiting the new address several times a day until service is perfected. (*Id.* at 2).

Also on or about May 14, the investigator was advised that the defendant's agent is offshore on one of his father's shrimp boats and that his date of return is uncertain. (Doc. 11 at 2). The investigator has assigned an individual familiar with the movements of the area's shrimp fleet to report to the investigator promptly upon the return to port of the

shrimp boat on which the agent reportedly is aboard.  (Doc. 12 at 2).

Based on the foregoing, the plaintiff requests an unspecified amount of additional time to perfect service.  (Doc. 12 at 2).  The plaintiff does not address the requirements of Rule 4(m).

The plaintiff's failure to perfect service within 120 days after filing the complaint exposes it to dismissal without prejudice.  Fed. R. Civ. P. 4(m).  However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  *Id*.  Absent good cause, the Court may, but need not, allow additional time.  *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005); *accord Lepone-Dempsey v. Carroll County Commissioners*, 476 F.3d 1277, 1281-82 (11th Cir. 2007).

Good cause exists "only when some outside factor such as reliance on faulty advice, rather than inadvertence or negligence, prevented service."  *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir. 1991).  "Neither inadvertence of [the] attorney nor secretarial misdeeds constitute good cause," *Gallien v. Guth Dairy, Inc*., 136 F.R.D. 110, 111 (W.D. La. 1991), and several courts of appeal have so held.  *Brown v. Smith*, 1997 WL 436753 at **1 (4th Cir. 1997); *Davis v. Brady*, 1993 WL 430137 at **3 (6th Cir. 1993); *Hart v. United States*, 817 F.2d 78, 81 (9th Cir. 1987).

The failure to serve process by March 18, 2008 (120 days after the complaint was filed) was the result of attorney and/or staff inadvertence or negligence, including the secretary's initial failure to mail process, the failure to notice her failure for almost two months, and the failure to attempt service for two months after discovering the secretary's default.  While none of this may be the direct responsibility of the plaintiff's lawyer, "[s]ecretarial negligence, if it exists, is chargeable to counsel."  *Hart*, 817 F.2d at 81.  Delaying the first attempt at service until March 14 made it impossible to accomplish service by March 18 in the event — as occurred — the initial attempt was unsuccessful.  Because the plaintiff has no good cause for the failure to serve process by March 18, the

Court is not required to extend the time for service.

In determining whether to exercise its discretion to extend the time for service despite the lack of good cause, a court considers whether the defendant is evading service, whether it is concealing defects in service, and whether the statute of limitations will bar the refiling of the lawsuit should it be dismissed. *Horenkamp*, 402 F.3d at 1132. This is "not an exhaustive list" of factors a court may consider. *Lepone-Dempsey*, 476 F.3d at 1182.

None of the *Horenkamp* factors favors an extension of time, and the plaintiff makes no argument to the contrary. The defendant cannot be concealing defects in service, because no service of any kind has been made, defective or otherwise. The defendant did not preclude service by evading it, since neither moving nor going shrimping is, without more, evidence of evading service and, in any event, that conduct apparently occurred after the 120-day period for service expired. Nor is the Secretary of State's incorrect listing of the agent's address as being Grand Bay rather than Theodore evidence of evading service, at least absent additional evidence that the defendant intentionally posted an incorrect town on the website in order to evade service.[1] The plaintiff's claim is brought under the Jones Act, which carries a three-year limitations period, and the incident causing his injury occurred in September 2007.

The question becomes whether other factors should cause the Court to grant an extension of time. The plaintiff cites only the "unusual circumstances" as justifying such relief, (Doc. 12 at 2), but they do not appear to do so, since the current complications in effecting service are the direct result of the plaintiff's initial four-month delay in

---

[1] It does not appear that the street address lies within the corporate limits of any municipality but in the unincorporated area lying between the unincorporated population centers of Grand Bay, Irvington and Theodore, where the correct town for address purposes may be subject to ambiguity or change over time.

attempting service.[2]

Moreover, the Court has already provided the plaintiff an additional six weeks, to April 28, to perfect service, yet the plaintiff after receiving this extension made no new attempt at service until May 14 — after receiving a second show cause order, and one day before the response to the show cause order was due.  This inactivity is consistent with the plaintiff's failure to issue a second certified letter for almost three weeks after the first was returned — an effort that apparently would not have been undertaken even then but for the Court's first show cause order.  The pattern extends back to the plaintiff's unexplained failure to attempt service for a full two months after discovering the secretary had not done so.  There is nothing in this history to suggest that the plaintiff will effectively use any additional extension to secure service.

For the reasons set forth above, the plaintiff's request for a second extension of time, construed as a motion, is **denied**.  This case is **dismissed without prejudice** pursuant to Rule 4(m).

DONE and ORDERED this 16th day of May, 2008.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[2]There is no suggestion that the defendant's agent has been shrimping since November.